35 A.3d 1241 (2011)
DOMINION PRODUCTS AND SERVICES, INC., Dominion Retail, Inc., the Manchester Group, LLC and Pamela Post,
v.
PITTSBURGH WATER AND SEWER AUTHORITY and Utility Line Security, LLC.
Appeal of: Utility Line Security, LLC.
Dominion Products and Services, Inc., Dominion Retail, Inc., the Manchester Group, LLC and Pamela Post, Appellants
v.
The Pittsburgh Water And Sewer Authority and Utility Line Security, LLC.
Nos. 652 C.D. 2011, 696 C.D. 2011.
Commonwealth Court of Pennsylvania.
Submitted on Briefs September 2, 2011.
Decided October 20, 2011.
Bernard M. Schneider, Pittsburgh, for appellant Utility Line Security, LLC.
Antonio Legeza, Pittsburgh, for appellees Dominion Products and Services, Inc., Dominion Retail, Inc., the Manchester Group, LLC and Pamela Post.
Mark F. Nowak, Pittsburgh, for appellee the Pittsburgh Water and Sewer Authority.
BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.
OPINION BY Senior Judge FRIEDMAN.
Utility Line Security, LLC (ULS), appeals from the April 6, 2011, order of the Court of Common Pleas of Allegheny County (trial court), which declared that the Line Warranty Program created by an agreement between ULS and the Pittsburgh Water and Sewer Authority (Authority) violates section 5607(b)(2) of the Municipality Authorities Act (Act).[1] A cross appeal has been filed by Dominion Products and Services, Inc., Dominion Retail, Inc., The Manchester Group, LLC, and Pamela Post (Cross Appellants).
ULS and the Authority entered into an agreement, effective January 1, 2010, whereby ULS would make all necessary repairs to the water and sewer lines of every Authority customer and provide services, valued up to $1 million, to separate sanitary and storm sewer lines. In exchange for these services, the Authority would add a $5.00 fee to the monthly bill of each customer and forward this amount to *1242 ULS. The agreement allows any Authority customer to opt out of the program.
Dominion Products and Services, Inc. (Dominion), and The Manchester Group, LLC (Manchester), repair broken water and sewer lines of property owners who choose to participate in their warranty programs, including Authority customers within the City of Pittsburgh. Dominion, Manchester and others filed an action with the trial court, alleging that the Authority's Line Warranty Program violates: (1) the prohibition against negative option billing in section 608.18 of the Pittsburgh Code of Ordinances (Pittsburgh Code); and (2) the prohibition in section 5607(b)(2) of the Act against operating a project that, in whole or in part, duplicates or competes with existing enterprises serving substantially the same purposes.
After considering the matter, the trial court concluded that the Line Warranty Program did not violate section 608.18 of the Pittsburgh Code, but that it did violate section 5607(b)(2) of the Act. ULS filed an appeal with this court, and the Cross Appellants followed with their cross appeal.
On appeal, ULS argues that the trial court erred in concluding that the Line Warranty Program violates section 5607(b)(2) of the Act. The Cross Appellants argue that the trial court erred in concluding that the Line Warranty Program did not violate section 608.18 of the Pittsburgh Code.
In its opinion, the trial court thoroughly and correctly analyzed these issues. Accordingly, we affirm the trial court's April 6, 2011, order and adopt the well-reasoned opinion of Judge R. Stanton Wettick, Jr., entered in Dominion Products and Services, Inc., Dominion Retail, Inc., The Manchester Group, LLC and Pamela Post v. The Pittsburgh Water and Sewer Authority and Utility Line Security, LLC, ___ Pa. D. & C.5th ___ (2011) (C.C.P. of Allegheny County, No. GD10-009604, filed March 14, 2011).

ORDER
AND NOW, this 20th day of October, 2011, the order of the Court of Common Pleas of Allegheny County, dated April 6, 2011, is hereby affirmed on the basis of the opinion issued by Judge R. Stanton Wettick, Jr., in Dominion Products and Services, Inc., Dominion Retail, Inc., The Manchester Group, LLC and Pamela Post v. The Pittsburgh Water and Sewer Authority and Utility Line Security, LLC, ___ Pa. D. & C.5th ___ (2011) (C.C.P. of Allegheny County, No. GD10-009604, filed March 14, 2011).
NOTES
[1] 53 Pa.C.S. § 5607(b)(2). Section 5607(b)(2) provides, in pertinent part, as follows:

(2) The purpose and intent of this chapter being to benefit the people of the Commonwealth by, among other things, increasing their commerce, health, safety and prosperity and not to unnecessarily burden or interfere with existing business by the establishment of competitive enterprises; none of the powers granted by this chapter shall be exercised in the construction, financing, improvement, maintenance, extension or operation of any project or projects or providing financing for insurance reserves which in whole or in part shall duplicate or compete with existing enterprises serving substantially the same purposes.